## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ERIC AVALOS** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN OF ENFIELD;** | : | |
| **CHIEF CARL SFERRAZZA,** INDIVIDUALLY | : | |
| AND IN HIS OFFICIAL CAPACITY; | : | |
| **OFFICER MATTHEW WORDEN,** INDIVIDUALLY | : | |
| AND IN HIS OFFICIAL CAPACITY; | : | |
| **OFFICER BRIAN CROTEAU,** INDIVIDUALLY | : | |
| AND IN HIS OFFICIAL CAPACITY; | : | |
| **OFFICER MICHAEL EMONS,** INDIVIDUALLY | : | |
| AND IN HIS OFFICIAL CAPACITY; | : | |
| **OFFICER MATTHEW BURZDAK,** | : | |
| INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; | : | |
| **OFFICER ERIC HORAN,** INDIVIDUALLY AND IN | : | |
| HIS OFFICIAL CAPACITY; | : | |
| **JOHN DOE,** INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY; | : | |
| **OFFICER JANE DOE,** INDIVIDUALLY AND | : | |
| IN HER OFFICIAL CAPACITY | : | **JUNE 10, 2015** |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     The Plaintiff, Eric Avalos, brings this civil action for violations of Plaintiff's

civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, 42

U.S.C. §1985, and the Fourth, Eighth, and/or Fourteenth Amendments to the United

States Constitution, and Article One §§7, 8, 9, and/or 20 of the Connecticut Constitution,

- 1 -

as well as the common and statutory laws of the State of Connecticut, for which he seeks damages, attorneys' fees, and costs.

2.      The Plaintiff alleges that on or about February 22, 2014, the Defendant Enfield police officers, Matthew Worden, Michael Emons, Brian Croteau, Matthew Burzdak, Eric Horan, along with other unidentified police officers, in their individual and official capacities, negligently, deliberately and/or intentionally violated Plaintiff Eric Avalos's constitutional rights.

3.      The Plaintiff, Eric Avalos, further alleges that Carl Sferrazza, in his individual and official capacities as Chief of Police of Enfield Police Department and the Town of Enfield is liable for the violations of these individual police officers under federal and state laws because he: (1) tolerated, condoned, encouraged and/or was deliberately indifferent to the use of excessive force in an unreasonable manner, (2) failed to adequately train and provide guidelines with regard to the use of excessive force in a manner that could foreseeably lead to the violation of citizens' rights, and (3) created an atmosphere and culture in which such treatment of citizens is tolerated and/or fostered.

4.      The Plaintiff, Eric Avalos, further alleges that the Defendant Town of Enfield is liable for Defendant police officers' negligent and/or deliberately indifferent conduct under Connecticut General Statute § 52-557n because such conduct occurred during the course and within the scope of the Defendant police officers' employment

- 2 -

with the Town in a manner which caused imminent and/or present physical harm and damages to an identifiable victim, namely, the Plaintiff, Eric Avalos.

5.     The Plaintiff Eric Avalos alleges that as a result of the negligent and/or deliberately indifferent conduct of the Defendant Enfield police officers, as referenced herein, he has suffered, as an identifiable victim, who was threatened by imminent and/or present harm by the acts of the Defendant Enfield police officers, within the course and scope of their employment, severe physical and emotional distress and damages, as more particularly described herein.

6.     Statutory notice of the Plaintiffs' civil rights claims against the Defendant police officers, and intention to bring this action, was given to the Town of Enfield, pursuant to §§ 7- 465 of the Connecticut General Statutes, a copy of which is attached hereto as "Exhibit A".

**JURISDICTION**

7.     The basis of jurisdiction is predicated upon 42 U.S.C. §§ 1983 and 1985 as well as the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article One §§ 7, 8, 9 and 20 of the Connecticut Constitution.

**PARTIES**

8.     At all times herein mentioned, the Plaintiff, Eric Avalos, was a resident of Hartford, Connecticut.

- 3 -

9.     The Defendant, Town of Enfield, is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

10.     At all times relevant times herein, Defendant Chief Carl Sferrazza was the Chief of Police of the Enfield Police Department and Enfield's final policymaker in the area of law enforcement. Defendant Carl Sferrazza is sued in his individual and official capacity as Chief of Police for the Town of Enfield, and was acting in his individual and/or official capacity in the performance of his duties, and within the scope of his employment as Chief of Police, and was acting under the color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and State of Connecticut.

11.     At all relevant times described herein, Defendant Enfield police officers, Matthew Worden, Michael Emons, Brian Croteau, Matthew Burzdak, Eric Horan, John Doe and Jane Doe were Police Officers assigned to the Enfield Police Department. Each defendant is sued individually and in his official capacity as a police officer in the performance of their duties and under color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, regulations, customs and usages of the United States and the State of Connecticut.

- 4 -

12.     At all relevant times described herein, the Defendants individually and/or in concert, were acting with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, well being and/or rights of the plaintiff, Eric Avalos.

13.     At all relevant times described herein, under the totality of the circumstances, the actions of all defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with conscious disregard for the health and safety of the plaintiff, Eric Avalos.

14.     At all relevant times described herein, Defendant Town of Enfield Police Officers acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect Plaintiff Eric Avalos from the negligent, reckless, willful, knowing, unconstitutional and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

**STATEMENT OF FACTS**

15.     On or about February 22, 2014, at approximately 8:00 PM, Avalos was at the Holiday Inn, located in Enfield, CT, along with his sister, brother, mother, girlfriend,

- 5 -

children, and extended family, for the purpose of attending his niece's Sweet Sixteen party.

16.     Sometime later, Avalos and his brother, who were engaged in a conversation at the hotel bar, were asked to leave due to the volume of their voices.

17.     Upon being asked to leave, Avalos agreed, and promptly exited the hotel with his elderly mother, brother, sister, girlfriend, and his two daughters, aged 12 and 14 at the time.

18.     As Eric Avalos and his mother, who walked with the assistance of a cane, approached his vehicle, Officer Worden arrived in a police cruiser, pulled up alongside Avalos. and demanded to see his identification.

19.     Avalos attempted to comply, but as he reached for his identification in his pocket, Officer Worden suddenly and without provocation sprung forward and forcefully grabbed Avalos's arm, twisting it behind his back and causing Avalos severe pain.

21.     After securing Avalos's arm behind his back, Officer Worden withdrew his taser and tased Avalos, despite the fact that they knew Avalos had committed no crime, did not act aggressively toward or threaten him and was not resisting.

22.     As a result of being tased, Avalos fell to the ground, where he was again

- 6 -

tased and was punched in the face by Officer Worden, although defenseless and not resisting.

23.     As Avalos was lying helpless on the ground, several more Defendant Officers arrived and began to threaten Avalos's family and attempted to usher his family members inside. Officer Worden threatened to tase Avalos's aging mother if she took another step to attempt to help towards her injured son, despite her age and the fact that she required a cane to walk.

24.     Plaintiff's brother, who attempted to take video footage with his cell phone, was forcibly tackled and handcuffed by a defendant officer who prevented from doing so.

25.     Meanwhile, Officer Worden tased Avalos several more times, continuing after Avalos's sister informed the officers that Avalos had a heart condition and needed immediate assistance.

26.     One of the Defendant Enfield police officers then handcuffed Avalos and an ambulance eventually arrived at the scene.

27.     Around the time that Avalos was being tased in the parking lot in front of his family, guests of the party attempted to leave the hotel, only to be threatened by Defendant Officer Emons, who raised his night stick and told them they could not leave

- 7 -

the premises. Children ranging in age from 7 to 16 years of age were among the crowd of individuals Officer Emons threatened.

28.     Although the Defendant Enfield police officers knew he committed no crime, Avalos was charged with Interfering with a Police Officer, Breach of Peace and Trespassing and was taken to the Enfield Police Station after being discharged from Johnson Memorial Hospital.

29.     As a direct result of the deliberately indifferent actions and omissions of the Defendants, as aforesaid, Plaintiff Eric Avalos has suffered numerous physical injuries and sequelae, some or all of which are permanent, including but not limited to a broken rib, blurred vision, sore limbs and torso, cuts, bruises and abrasions.

30.     As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Eric Avalos has suffered and will continue to suffer from chronic and/or permanent mental anguish and psychological trauma, as well as profound feelings of humiliation, loss of dignity, anxiety, depression, post-concussive and/or post-traumatic stress disorder, flashbacks, headaches, chronic, repetitive sleep interruption and deprivation, social withdrawal and fear of police officers.

31.     As a direct and further result of the above-described actions and conduct of the Defendants, Plaintiff was forced to incur, and will continue to incur, medical and

other healthcare expenses related to his injuries, lost wages and/or loss of earning capacity.

**COUNT ONE**:        **Plaintiff Eric Avalos against the Named Defendant Enfield Police Officers for Violations of Rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution due to their use of Unreasonable and/or Excessive Force on him.**

1- 31. Paragraphs 1-31 are hereby fully incorporated into this Count One and made paragraphs 1-31 of this Count.

32.     Under the totality of the circumstances, Defendant Enfield Police Officers, including Matthew Worden, Michael Emons, Brian Croteau, Matthew Burzdak, Eric Horan, along with other unidentified police officers and Officers John and Jane Doe, while acting under the color of state law, acted with deliberate indifference and/or objective unreasonableness when they used excessive force on the Plaintiff Eric Avalos, as aforesaid.

33.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive and post-traumatic  stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

- 9 -

34.     The conduct and actions of some or all of the Defendant Enfield Police Officers, as aforesaid, acting under color of law, were excessive and constituted unreasonable use of force, in violation of the Plaintiff's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

**COUNT TWO:     Plaintiff Eric Avalos against Named Defendant Enfield Police Officers for Violations of Rights Secured by Article I §§ 7 and 9 of the Connecticut Constitution due to their use of Unreasonable and/or Excessive Force on him.**

1-34.  Paragraphs 1-34 of Count One are hereby fully incorporated into and made paragraphs 1-34 of Count Two.

35.     Some or all of the Defendant Enfield police officers, as aforesaid, violated Plaintiff Eric Avalos's State Constitutional rights by using unreasonable and/or excessive force on the Plaintiff Eric Avalos, as aforesaid, in violation of the Plaintiff's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

36.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive and/or stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

- 10 -

**COUNT THREE:     Plaintiff Eric Avalos against Defendant Enfield Police Officers for Assault and Battery under the Common Law of Connecticut.**

1-31.   Paragraphs 1-31 are fully incorporated into and made Paragraphs 1-31 of Count Three.

32.     Some or all of the Defendant Officers engaged in unpermitted, unreasonable, offensive and/or unprovoked conduct in physically touching and/or restraining the Plaintiff Eric Avalos, in that they forcefully grabbed Eric Avalos by the arm, tased him repeatedly, punched him in the face, caused him to fall heavily to the ground, kneeled on his back and neck, and unreasonably fastened handcuffs very tightly around his wrists, causing him a broken rib, cuts, abrasions, bruises and scars.

33.     Some or all of these actions were intended to and did foreseeably, put Plaintiff Eric Avalos in apprehension of imminent and serious bodily harm and did in fact, produce such serious bodily harm as described more particularly herein.

34.     As a result of the above unpermitted, offensive conduct by Defendant Enfield police officers, Plaintiff Eric Avalos did suffer serious bodily harm and other injuries, as set forth more particularly herein.

35.     Although in a reasonable position to do so, some or all of the Defendant Enfield Police Officers failed to intervene to prevent or stop the prolonged, unpermitted, unjustified, physical attack on Plaintiff Eric Avalos at the hands of other defendant

- 11 -

Enfield Police Officers, as set forth more particularly herein.

36.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive and post-traumatic  stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

**COUNT FOUR:        Plaintiff Eric Avalos against Defendant Enfield Police Officers for Negligent Conduct under the Common Law of Connecticut and Conn. Gen. Stat. Section 52-557n.**

1-36.  Paragraphs 1-36 of Count Three are fully incorporated into and made Paragraphs 1-36 of Count Four.

37.     Some or all of the Defendant Enfield Police Officers, acting individually and/or in concert with each other as aforesaid, exhibited a lack of reasonable care, in one or more of the following ways:

a.      Their conduct was unreasonable and breached the applicable duty and standard of care that the Defendants owed to Plaintiff Eric Avalos to take all available measures reasonably necessary to investigate his case and its circumstances before and/or while arresting, apprehending or subduing him;

b.      Their conduct in apprehending Eric Avalos before adequate investigation of the matter or establishment of probable cause to arrest or

- 12 -

apprehend him, exhibited lack of due care in regard to the health, rights and well-being of the Plaintiff;

c.      Defendants applied unreasonable force in repeatedly tasing the Plaintiff, causing him to fall to the ground, punching him in the face, and forcibly handcuffing him, given the circumstances, including the fact that Plaintiff Eric Avalos was, at all pertinent times, peaceful, compliant, and/or not resisting or threatening anyone at any time, and given the fact that Officer Worden was told the plaintiff suffered from a heart condition yet continued to engage in such unreasonable conduct;

d.      Some or all of the Defendant Enfield Police officers failed at the scene to intervene to prevent and/or stop one another from using unreasonable force on the Plaintiff,  and/or falsely arresting him, although they were in a reasonable position to do so for an extended period of time; and

 e.      Defendants knew or reasonably should have known or foreseen that their unreasonable conduct would cause serious and permanent injury to Plaintiff Eric Avalos of the type it did cause;

38.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff

suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive

and post-traumatic  stress disorder, pain and suffering and damage to his reputation

and character, as well as other injuries and damages as more particularly set forth

herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth

Amendments to the United States Constitution..

**COUNT FIVE:      Liability of the Town of Enfield pursuant to Connecticut General Statute § 52-557n.**

1-38.  Paragraphs 1-38 of Count Four are hereby incorporated into and made

- 13 -

paragraphs 1-38 of Count Five.

39.     The negligent acts and omissions of Defendant Enfield Police Officers, as described herein, occurred while Defendants were on duty, in uniform, and/or performing their duties in the course of their employment as police officers for the Town of Enfield.

40.     Defendant Enfield Police Officers' conduct, as described herein, occurred while they were acting as agents and employees of the Town of Enfield, with a purpose to further the interests of the Town of Enfield.

41.     Defendant Enfield Police Officers' negligent conduct as aforesaid, subjected Plaintiff Eric Avalos, an identifiable victim, to foreseeable imminent harm, which did, in fact occur.

42.     As a result, Defendant Town of Enfield is liable to Plaintiff Eric Avalos under Connecticut General Statutes § 52-557n for the negligent acts of Defendant Enfield Police Officers that were committed in the course and scope of their employment and that directly and proximately caused Plaintiff's severe and permanent injuries and damages, as set forth more particularly herein.

**COUNT SIX: Liability of Defendant Enfield Police Officers to Plaintiff Eric Avalos for Reckless and/or Willful Conduct under the Common Law of Connecticut**

- 14 -

1-31.   Paragraphs 1-31 are fully incorporated into and made Paragraphs 1-31 of Count Six.

32.   Some or all of the Defendant Enfield Police Officers acted maliciously, recklessly, willfully, with deliberate indifference and/or with conscious disregard for the life, health and well-being of Plaintiff Eric Avalos, as aforesaid, in derogation of their duties, as follows:

> a.   Although bound by a sworn public duty to protect and serve all citizens, they tased him and caused him to fall forcibly to the pavement, despite the fact that they knew he was engaging in no criminal activity and posing no physical threat to the officers or anyone else and despite the fact they knew he was suffering from a head condition, in conscious disregard for his health and safety;
>
> b.   They punched him in the face after causing him to fall hard to the pavement while he was clearly incapacitated from being tased, in severe pain, subdued and not resisting;
>
> c.   They forcefully handcuffed him and placed him under arrest despite the fact that they knew they had no probable cause to effectuate an arrest, nor had the Plaintiff resisted their actions in any manner;
>
> d.   They failed to intervene to prevent or stop one another from deliberately and/or willfully violating Plaintiff's Constitutional rights, as aforesaid, although they were in a reasonable position, respectively, to do so and knew the conduct they were witnessing posed a serious risk to the Plaintiff's health and safety.

33.   As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive

- 15 -

and/or stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution..

**COUNT SEVEN:** **Plaintiff Eric Avalos against Defendant Officers for Intentional Infliction of Emotional Distress under the Common Law of Connecticut**

1-33.    Paragraphs 1-36 of Count Three, and Paragraphs 32-33 of Count Six are incorporated into herein and made Paragraphs 1-33 of Count Seven.

34.    The aforementioned actions of Defendant Enfield police officers were reckless, willful and/or deliberate and caused Plaintiff Eric Avalos to suffer from severe emotional distress following his arrest.

35.    The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

36.    Such conduct by the Defendants was extreme and outrageous and exceeded all bounds usually tolerated by a decent society.

37.    The Defendants' conduct directly produced Plaintiff Eric Avalos's severe emotional distress and related physical distress and bodily injury and other damages, as set forth more particularly herein.

- 16 -

**COUNT EIGHT:     Plaintiff Eric Avalos against Defendant Officers for Negligent Infliction of Emotional Distress under the Common Law of Connecticut.**

1-42.   Paragraphs 1-42 of Count Five are fully incorporated into and made Paragraphs 1-42 of Count Eight.

43.     The aforesaid negligent actions of Defendant Enfield Police Officers caused the Plaintiff Eric Avalos to suffer from severe emotional distress, that defendants knew or should have known would result from their actions.

44.     Such conduct was unreasonable and exceeded all bounds usually tolerated by decent society.

45.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive and/or stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

**COUNT NINE:     Plaintiff Eric Avalos against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 U.S.C. § 1983 for Failure to Intervene**

1-31.   Paragraphs 1-31 are hereby incorporated into and made Paragraphs 1-31 of Count Nine.

- 17 -

32.     Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force and/or false arrest of the  Plaintiff Eric Avalos, as described herein, thereby causing his injuries, as set forth more particularly herein.

33.     As a direct result of the Defendants' actions, as aforesaid, the Plaintiff suffered physical injuries, psychological trauma, anxiety, humiliation, post-concussive and/or stress disorder, pain and suffering and damage to his reputation and character, as well as other injuries and damages as more particularly set forth herein, in violation of Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

**COUNT TEN**:      **Plaintiff Eric Avalos against Defendant Enfield Police Officers for False Arrest and Malicious Prosecution Pursuant to the 4th and 14th Amendments to the U.S. Constitution as enforced through 42 U.S.C. §1983 and the Connecticut Constitution Article I, §§ 7 and 9.**

1-33.   Paragraphs 1-33 of Count Nine are hereby incorporated into and made Paragraphs 1-33 of Count Ten.

34.     Defendants, acting under color of law, arrested Plaintiff Eric Avalos without probable cause to do so, under the totality of the circumstances and caused him to be prosecuted, without probable cause, as well.

35.     Such false arrest and wrongful and/or malicious prosecution caused

- 18 -

damages to Plaintiff Eric Avalos, including physical harm, emotional distress and economic loss including expenses related to his medical condition and criminal case, as set forth more particularly herein.

**COUNT ELEVEN:   Plaintiff Eric Avalos against Defendant Enfield Police Officers for Common Law False Arrest and Malicious Prosecution.**

1-33.   Paragraphs 1-33 of Count Ten are hereby incorporated into and made Paragraphs 1-33 of Count Eleven.

34.      Defendants, acting under color of law, arrested Plaintiff Eric Avalos without probable cause to do so, under the totality of the circumstances and caused him to be prosecuted, without probable cause, as well.

35.      Such false arrest and wrongful and/or malicious prosecution caused damages to Plaintiff Eric Avalos, including physical harm, emotional distress and economic loss including expenses related to his medical condition and criminal case, as set forth more particularly herein.

**COUNT TWELVE:   Plaintiff Eric Avalos against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Intervene**

1-33.   Paragraphs 1-33 of Count Nine are hereby incorporated into and made paragraphs 1-33 of Count Twelve.

34.      Although in a reasonable position to do so, some or all of the Defendant

- 19 -

Enfield police officers failed to intervene to prevent and/or stop the prolonged unreasonable use of force on Plaintiff Eric Avalos, as described herein, thereby directly causing his physical and emotional injuries and other damages, as set forth more particularly herein.

**COUNT THIRTEEN:        Plaintiff Eric Avalos against Defendant Town of Enfield and Chief of Police Carl Sferrazza for Violations of Rights Secured by 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution Due to an Inadequate Policy and Custom**

1-34.  All allegations contained in Counts 1-12 of this Complaint are hereby incorporated into and made paragraph 1 of  Count Thirteen.

2.      At all pertinent times herein, Defendant Town of Enfield, acting through its Chief of Police Carl Sferrazza, the final policymaker for the Town of Enfield in the area of law enforcement, had in effect de facto policies, practices and customs exhibiting deliberate indifference to the constitutional rights of citizens and residents of Enfield, which were the moving force behind and a direct and proximate cause of the unconstitutional conduct of Defendant Enfield Police Officers and their resultant violations of the constitutional rights of Plaintiff Eric Avalos, as described herein.

3.  These deficient, deliberately indifferent policies, practices and/or customs of the Defendant, Town of Enfield, both department-wide and in regard to the named Defendant police officers in the present case, include, inter alia:

- 20 -

a.      Its failure to properly and adequately supervise, monitor, investigate and/or discipline or otherwise take reasonable measures to contain or control, department wide, those Enfield police officers, including the Defendant police officers herein,  whose past misconduct has, over time, exhibited pronounced tendencies toward and patterns of violence, over-aggressiveness and/or other deliberately indifferent conduct evidencing dangerous and/or unacceptable practices in the course of arrests and seizures, in the following respective areas, to wit:

i.      Neglect and/or deliberate violation of their sworn duty to serve and protect the public when interacting with them, in a manner which, instead, has resulted in harm to the public and has thereby compromised public safety;

ii.      Failure to adequately or fully investigate or assess the total circumstances while apprehending or arresting citizens, generally and more particularly in regard to persons whom they have arrested without a warrant and/or without probable cause to believe that a crime has been committed;

iii.      Failure to establish probable or other legal cause before the restraining, arresting and/or seizing of citizens, as in this case and many others before and after this case;

iv.      Failure to intervene when reasonably opportune to prevent violation of a citizen's civil rights by other police officers, as in this case and many others, both before and after this case;

v.      Failure to prepare adequate use of force reports or documentation of injures when a citizen is injured by police use of force, as in this case and many others before and after this case and related long-standing BLAN to and practice of taking measures to hide or cover-up their own misconduct and misconduct of other officers;

vi.      The improper and unreasonable use of force on a citizen, by such police officers, particularly after that citizen has been handcuffed or otherwise subdued and/or is otherwise observably nonthreatening, compliant and/or not resisting, as in this case and many others, both before and after this case;

- 21 -

vii.     Improper and unreasonable use of the criminal charge of "resisting arrest," particularly when used as a pretense for falsely arresting or using unreasonable force on a citizen as in this case and many others, both before and after this case;

viii.     Failure to address the mishandling, harassment and/or mistreatment of bystanders and witnesses to officer misconduct, as in this case and many others, both before and after this case;

ix.     An accumulation by one or more officers of multiple or disproportionate complaints and incidences of misconduct over time, including some or all of the present defendant Enfield police officers, relating to civil rights violations and breaches of department rules and policies pertaining to areas such as arrests, use of force, truthfulness and professional courtesy, without reasonable inquiry, adequate reprimand, counseling or discipline;

x.     Failure to conduct meaningful or objective internal affairs reviews of  prior misconduct of Enfield police officers generally and of some or all of the defendant police officers in this case, including reviews of citizen complaints and other suspected misconduct of officers  sounding in false arrest, unreasonable use of force, untruthfulness, unprofessional conduct, including individual instances and/or patterns of harassment of and/or, overzealousness and/or violence toward citizens;

xi.     Failure to meaningfully address abuse of the rights of citizens for no reason other than the fact that they may have expressed some sort of disagreement with the particular Enfield police officer or officers or because such use of force, while unjustified, appeared to be "convenient" to the officer to accomplish his or her immediate purposes in derogation of their duty to assist citizens when requested.

xii.     Failure to institute a reasonable or useful department wide system that serves to review and screen improper, unprofessional and/or abhorrent behavior by Enfield police officers,  including some or all the defendant Enfield police officers in this case, in a manner which is adequate to monitor and alert the department and/or internal affairs of the potential for their future misconduct,

while also serving as an effective method of deterring similar future targeted misconduct of Enfield police officers, including misconduct toward the individual defendants in this case;

xiii.　Failure to adequately train Enfield police officers to recognize or respond to tendencies toward and/or patterns of violent behavior exhibited by their fellow Enfield police officers in a manner that would have provided further notice to Enfield Police Department supervisors and departments in order to deter or prevent misconduct such as the misconduct of the Defendant Enfield police officers in this case;

xiv.　Failure to institute meaningful disciplinary actions, individually or department wide, against Enfield police officers, including the Defendant officers in this case, such as suspension, retraining, reassignment, counseling, anger management treatment, demotion or termination, in response to citizen complaints and other evidence of police misconduct;

xv.　Failure to identify and adequately control the demonstrate disproportionate overzealous, dangerous, unprofessional and/or untruthful tendencies and conduct of one Enfield police officer in particular, Officer Matthew Worden, and many other officers, including those officers who accompanied him on assignments, despite the pronounced and overt pattern of harmful, overaggressive, violent and/or abhorrent behavior that Officer Worden and his cohorts exhibited toward citizens and other long-standing compelling evidence, both on duty and off duty;

xvi.　Deliberately ignoring and/or disregarding internal review reports and other substantial evidence which red flagged the pattern of behavior and actions of Defendant Officer Matthew Worden, over at least several years and other Enfield police officers, as well, and identified Defendant Worden and other officers, as well, as a continuing danger to citizens of Enfield, when acting alone and also when acting in concert with each other;

xvii.　Failure to discipline or conduct a meaningful investigation into the allegations regarding the conduct and behavior of Officer Matthew Worden and/or other Defendant Enfield police officers, as

- 23 -

aforesaid, despite the submission of one or more colorable arrest warrants to the State's Attorney's office relating directly to Officer Matthew Worden's and/or other officers' violent and dangerous acts.

b.      Its failure to properly and adequately supervise, train, advise, and/or issue orders, rules, regulations and/or guidelines, reasonably necessary to promote use of accepted police practices by Enfield police officers, including the Defendant police officers herein, during arrests and seizures, in regard to the following areas:

i.      Proper use of tasers, canines and other types of force when approaching, apprehending or arresting a subject;

ii.     Proper methods of interaction, with citizens and bystanders, particularly when small children are present and no one in the crowd is suspected of any criminal behavior;

iii.    Proper investigative, evaluative and/or arrest procedures including investigation of and follow up on all material leads and how to develop sufficient probable cause at a scene before an arrest or seizure is made;

iv.     Proper preparation of use of force reports when force is used by any police officer on a citizen, including proper documentation and photography of any resultant injuries;

v.      Proper and timely actions to take when a citizen is in police custody and has serious injuries and immediate medical assistance is needed;

vi.     Appropriate intervention when a reasonable opportunity exists to prevent or stop other officers from unduly injuring and/or violating the civil rights of a citizen.

vii.    Control of instances and patterns of anger and overly aggressive behavior of officers toward citizens at scenes and establishment or enforcement of express criteria to determine when counseling is reasonably necessary to deal with such proclivities;

viii.    The continuum of force concept and when to use verbal or other less restrictive means as opposed to severe or disproportionate force;

ix.    The concept that life is sacred and that force should be used as a last resort, when all other means of interaction are no longer reasonably feasible, because citizen and officer safety are paramount;

x.    When and how officers should report on other officers who they are aware have mistreated citizens or engaged in other misconduct;

xi.    Tactics relating to approaching and handling a scene in a manner which defuses potential danger and enhances citizen and officer safety.

xii.    How to interact with and/or handle citizens while off duty and/or out of uniform;

xiii.    How to reasonably protect and serve citizens;

xiv.    How to deal prudently with mentally or physically fragile or frail individuals at a call where a misstep could result in severe injury due to their fragile or frail state.

c.    Its failure to adequately screen, monitor, investigate and/or discipline the prior bad acts of the Defendant Enfield police officers, including Matthew Worden, in the following ways:

i.    Failure to adequately and objectively investigate or consider citizens' complaints either individually or collectively made against Defendant Enfield police officers including Officer Worden or to attach proper significance to them;

ii.    Failure to properly investigate, review or discipline Enfield Police officers including Officer Worden following the filing of citizens' complaint or following other institute methods such as suspension, counseling, anger management treatment, retraining, termination, etc. to deter future similar conduct.

- 25 -

iii.    Failure to adequately and objectively consider the seriousness or pervasiveness of the threat Officer Worden and other officers, individually and collectively posed to the citizens of the community on a daily and continuous basis over several years or more;

iv.    Failure to suspend or terminate Officer Worden's employment in a timely manner despite receiving seventeen or more known citizens' complaints and numerous additional internal complaints, directed at Officer Worden's behavior over a few years, which complaints comprised a high and disproportionate percentage of complaints lodged against all Enfield police officers during that period and were part of and reflected a lengthy period of such misconduct, including harmful, overaggressive, discourteous, violent and/or untruthful conduct toward citizens;

v.    Failure to properly discipline other Enfield police officers, including some or all of the other Defendant police officers in this case, based on their disproportionate and/or otherwise serious complaint pattern and history and know long standing disproportionate, harmful, discourteous, overaggressive, violent and/or untruthful conduct toward citizens, both individually and in concert.

4.    Each of the aforementioned deficient policies, practices and customs of Defendant Town of Enfield, individually and/or in combination, served to promote, foster and/or form an environment and/or mindset within and throughout the Defendant, Enfield Police Department, conducive to the violation of the Constitutional rights of individuals, including Plaintiff Eric Avalos, so as to constitute the moving force behind the violation of the Constitutional rights of Plaintiff Eric Avalos, as set forth more particularly herein.

5.    As Chief of Police, the Defendant Carl Sferrazza authorized, approved, condoned and/or ratified the above-referenced practices and customs of the Defendant Town of Enfield, which constituted the moving force behind such violation of the Constitutional rights of the Plaintiff, Eric Avalos, as set forth more particularly herein.

6.    As a direct and proximate result of such long standing inadequate

- 26 -

and/or improper policies, practices and/or customs of the Defendant, Town of Enfield, as referenced herein and as endorsed by the Defendant Police Chief, Plaintiff suffered the violation of his Constitutional rights and severe and permanent physical and emotional injuries, as more particularly set forth herein.

**COUNT TWELVE:  Indemnification Pursuant to Connecticut General Statutes § 7-465**

1-39.  Paragraphs 1-35 of Count Eleven are hereby incorporated and made Paragraphs 1-35 of this Count Twelve.

40.    Defendant Town of Enfield is legally liable to pay on behalf of Defendant Enfield Police Officers and Chief of Police Carl Sferrazza all sums which Defendant Enfield Police Officers become obligated to pay by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the violation of common law rights and infringement of the civil rights and physical damages to the person and/or property of Plaintiff Eric Avalos as a result of the events complained of herein.

**WHEREFORE**, Plaintiff Eric Avalos demands the following relief:

1.   Monetary damages, including compensatory and/or actual damages;

2.   Actual, dignitary and punitive damages, pursuant to 42 U.S.C. §1983;

3.   A Court order, pursuant to 42 U.S.C. § 1988, that they are entitled to reasonable attorney's fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as pleaded herein;

4.   Such other relief in law or equity as the Court may deem just and proper.

PLAINTIFF, ERIC AVALOS

By: _____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

By: _____
A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: spinella-law@yahoo.com

- 28 -



**Spinella & Associates**
ATTORNEYS AT LAW

One Lewis Street
Hartford, Connecticut 06103

**CERTIFIED AND RETURN RECEIPT REQUESTED**

July 31, 2014

## NOTICE OF INTENT TO COMMENCE ACTION

**To:**   Suzanne Olechnicki
Town Clerk
820 Enfield Street
Enfield, CT 06082

**TAKE NOTICE** pursuant to Conn. Gen. Stat. Section 7-465 and 7-110a and all other pertinent statutory provisions, **Eric Avalos** intends to bring an action pursuant to those statutes because of damage to person and deprivations of his civil rights under the Constitutions and laws of the United States and the State of Connecticut sustained as a result of the use of excessive force and other unlawful police action.

At this time and place, police officers arrested him, seized him and used excessive force against him, causing multiple injuries. These actions violated the Constitutions and laws of the United States and the State of Connecticut.

**DATE OF INCIDENT:**          On or about February 22, 2014

**TIME OF INCIDENT:**          At or about approximately 8:30 p.m.

**PLACE OF INCIDENT:**          Holiday Inn
1 Bright Meadow Boulevard
Enfield, CT 06082-1957

**PERSON SUFFERING DAMAGE:**          Eric Avalos
30 Newfield Avenue
Hartford, CT 06108

- 1 -

**INJURIES:**

Eric Avalos: Personal injuries , including but not limited to, Injury to both legs, chest injuries; head injuries; damage to his entire nervous system and related injuries as a result of excessive use of taser; his bodily injuries resulting from multiple and continues strikes by night-stick; emotional distress and psychological pain and suffering.

**PERSONS RESPONSIBLE FOR DAMAGES:**

K-9 officer Matthew Worden- Member of Enfield Police Department
Officer Crouteu
Officer Horan
John Doe, #1 member of Enfield Police Department
Carl Sferrazza, Chief of Police
Enfield Police Department
City of Enfield

**ALLEGED VIOLATIONS:**

Generally, violation of Mr. Eric Avalos Constitutional rights, relating to unreasonable use of force, pursuant to the provisions included in the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and to comparable sections of the Connecticut Constitution, including Article 1, Sections 7, 8 and 9, respectively, and violation of common law rights, including the right to be free from malicious prosecution.

Date at Hartford, Connecticut, this _31st_ day of July, 2014.

CLAIMANT,

By _____

**A. Paul Spinella, Esq.**
**Spinella & Associates**
**One Lewis Street**
**Hartford, CT 06103**
**(860) 728-4900**
**(860) 728-4909 (fax)**
**Juris #: 413617**

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Suzanne Olechnicki
Town Clerk
820 Enfield Street
Enfield, CT 06082

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

x *Ellen P McCarran*   ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

*Ellen McCarran*   8/5/14

D. Is delivery address different from Item 1?   ☑ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 0470 0003 1502 2988

PS Form 3811, July 2013            Domestic Return Receipt

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

7011 0470 0003 1502 2988

PS Form 3800, August 2006            See Reverse for Instructions