UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC AVALOS, | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-cv-00902 (VAB) |
| v. | : | |
| | : | |
| TOWN OF ENFIELD, ET AL., | : | APRIL 25, 2016 |
| | : | |
|    Defendants. | : | |

## RULING ON MOTION TO DISMISS

     Plaintiff, Eric Avalos, filed this action concerning the circumstances of his arrest on or about February 22, 2014 by Defendants, the Town of Enfield and officers of the Enfield Police Department. All defendants, except Officer Matthew Worden, move to dismiss the claims asserted against the officers in their official capacities.[1] The motion is GRANTED. Because the Town of Enfield is named as a defendant, the Court will dismiss as duplicative all claims asserted against the movant officers in their official capacities.

     "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . ."); *accord Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against

---

[1] Plaintiff filed an opposition (ECF No. 37), but the Court disregarded it as untimely. After the Court granted Plaintiff an extension of time, the deadline to file an opposition was November 3, 2015. Order, ECF No. 28. Plaintiff filed his opposition twenty-two days late without seeking an extension of time.

a public servant is treated as one against the governmental entity itself."). "[I]n a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit.'" *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010) (quoting *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 466 (7th Cir. 2001)).

In light of these principles, district courts within the Second Circuit consistently dismiss as duplicative claims asserted against officials in their official capacities where the plaintiff has named the municipal entity as a defendant. *See Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) (collecting cases); *e.g.*, *Kanderskaya v. City of New York*, 11 F. Supp. 3d 431, 435 (S.D.N.Y. 2014) (dismissing with prejudice claims against police officer in official capacity "because they are duplicative of [plaintiff's] other claims against [municipality]."), *aff'd*, 590 F. App'x 112 (2d Cir. 2015); *Ferreira v. Town of E. Hampton*, 56 F. Supp. 3d 211, 237 (E.D.N.Y. 2014) ("Because the Town is named as a defendant in the instant case, the Court grants summary judgment as to all claims for the individual defendants in their official capacities."); *Canzoneri v. Inc. Vill. of Rockville Ctr.*, 986 F. Supp. 2d 194, 205 (E.D.N.Y. 2013) (dismissing official capacity claims against individual officers "because they are duplicative of the *Monell* claims against the [municipality]."); *Wallikas v. Harder*, 67 F. Supp. 2d 82, 83–84 (N.D.N.Y. 1999) (noting that "claims against municipal officials in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant" and dismissing federal and state law claims asserted against county sheriffs in their official capacities).

Connecticut courts have recognized these principles as well. *See Kelly v. City of New Haven*, 881 A.2d 978, 988–89 (Conn. 2005) ("It is well settled law that an action against a government official in his or her official capacity is not an action against the official, but,

instead, is one against the official's office and, thus, is treated as an action against the entity itself."); *Himmelstein v. Bernard*, 57 A.3d 384, 391 (Conn. App. Ct. 2012) ("Having been sued in his official capacity, [defendant police sergeant] is one with the town.  Thus, the plaintiff's present action against [defendant police sergeant] is merely a redundant claim of nuisance against the town.").

      For the foregoing reasons, the motion to dismiss (ECF No. 25) is GRANTED.  All claims asserted against the movant officers in their official capacities are dismissed.

SO ORDERED at Bridgeport, Connecticut, this twenty-fifth day of April, 2016.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE